10-2308-ag
Herrera v. Holder

BIA
A073 542 349

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of September, two thousand eleven.

PRESENT:
>        DENNIS JACOBS,
>            *Chief Judge,*
>        JON O. NEWMAN,
>        DEBRA ANN LIVINGSTON,
>            *Circuit Judges.*

_____

MARIO NELSON HERRERA,
>        *Petitioner,*

>        v.                                    10-2308-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Douglas B. Payne, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; David H. Wetmore, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Mario Nelson Herrera, a native and citizen of Guatemala, seeks review of a May 19, 2010, decision of the BIA denying his motion to reopen. *In re Mario Nelson Herrera*, No. A073 542 349 (B.I.A. May 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). A movant claiming ineffective assistance of former counsel must show that competent counsel would have acted otherwise, and that the alien was prejudiced by his counsel's performance. *See Rabiu v. INS*, 41 F.3d 879, 882-83 (2d Cir. 1994); *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993). In order to show actual prejudice resulted from counsel's failure to pursue certain initiatives, the movant "must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application." *Rabiu*, 41 F.3d at 882.

2

The BIA did not abuse its discretion in denying Herrera's motion to reopen. In concluding that Herrera failed to demonstrate that he was prejudiced by his former counsels' failure to pursue asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") in either his removal proceedings or in a motion to reopen, the BIA reasonably relied on Herrera's failure to identify any evidence establishing his *prima facie* eligibility for those forms of relief. *See id.* Herrera's claim that he feared persecution and torture based on general strife in Guatemala and on the Guatemalan military's single unsuccessful attempt to forcibly recruit him were insufficient to establish his *prima facie* eligibility for relief. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) (holding that "the mere existence of a generalized 'political' motive underlying...forced recruitment is inadequate to establish (and, indeed, goes far to refute) the proposition that [an alien] fears persecution *on account of* political opinion, as § 101(a)(42) requires"); *see also Pierre v. Gonzales*, 502 F.3d 109, 118-19 (2d Cir. 2007) (agreeing with the BIA's holding that in order to demonstrate eligibility for CAT relief, an applicant must submit evidence that his

anticipated torturers would specifically intend to cause him severe pain and suffering); *Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999) (recognizing that "[g]eneral violence in [a country] does not constitute persecution, nor can it form a basis for petitioner's well-founded fear of persecution").

Moreover, contrary to Herrera's contention, his cousin's murder in Guatemala did not demonstrate Herrera's *prima facie* eligibility for relief because that evidence did not provide any details surrounding the murder and did not indicate that Herrera and his cousin were similarly situated. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 161, 172 (2d Cir. 2008). Accordingly, because Herrera did not demonstrate his *prima facie* eligibility for asylum, withholding of removal, and CAT relief, the BIA did not abuse its discretion in finding that he failed to establish that he was prejudiced by his former counsels' actions. *See Rabiu*, 41 F.3d at 882-83.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

4

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk